**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


State of New Hampshire

    v.                                        Case No. 17-cv-427-PB
                                        Opinion No. 2018 DNH 006
Purdue Pharma, et al.


**MEMORANDUM AND ORDER**


The State of New Hampshire has sued Purdue Pharma[1] based on

misrepresentations Purdue allegedly made to the state's

consumers concerning the risks and benefits of the company's

opioid pain medications.  The State filed its complaint in

Merrimack County Superior Court and Purdue later removed the

case to this court.  Purdue argues that the court has subject

matter jurisdiction pursuant to the Class Action Fairness Act

("CAFA"), but the State has challenged Purdue's jurisdictional

argument in a motion to remand.  The current dispute turns on

whether the case is removable under CAFA as a "class action."

---

[1] The complaint names Purdue Pharma L.P., Purdue Pharma Inc., and
The Purdue Frederick Company, Inc. as defendants.  For purposes
of this motion, both the plaintiff and defendants have treated
these three corporations as one entity, and I will do the same.

## I.    BACKGROUND

For at least 20 years, Purdue has manufactured, marketed, and sold opioid pain medications in New Hampshire and elsewhere.[2] During this period, Purdue spent hundreds of millions of dollars promoting its medications in ways that falsely and misleadingly minimized the risks of opioid addiction and overstated the benefits Purdue's medications could provide.  As a direct result, opioid addiction, overdoses, and deaths have exploded, to the point where the Center for Disease Control has described the current situation as a "public health epidemic."  Doc. No. 4 at 8.

The State contends that Purdue's false and misleading marketing campaign has injured the State, its municipalities, and its consumers.  It asserts claims for violations of New Hampshire's Consumer Protection Act ("CPA"), N.H. Rev. Stat. § 358-A; violations of the New Hampshire Medicaid Fraud and False Claims Act, N.H. Rev. Stat. § 167:61-b, Public Nuisance, Unjust Enrichment, and Fraudulent or Negligent Misrepresentation.  The State seeks to recover damages for its own injuries as well as injunctive relief, civil penalties, restitution, abatement, and

---

[2] I draw the allegations in this paragraph from the complaint and assume the allegations to be true for purposes of analysis.

attorneys' fees on behalf of itself, its municipalities, and its consumers.

## II.  <u>STANDARD OF REVIEW</u>

The State bases its remand motion on 28 U.S.C. § 1447(c), which requires a federal court to remand a removed case if the court lacks subject matter jurisdiction.

Purdue has responded by claiming that CAFA gives the court jurisdiction to consider the State's complaint.  A defendant who removes a case under CAFA must plausibly allege that each of CAFA's jurisdictional requirements have been satisfied.  <u>See</u> Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014).  If the plaintiff disputes the evidentiary basis for the defendant's assertion of jurisdiction, the defendant must also establish a "reasonable probability" that the facts support the defendant's jurisdictional claim.  <u>See</u> Pazul v. Tough Mudder, 819 F.3d 548, 552 (1st Cir. 2016) (amount in controversy requirement).  At that point, the burden shifts to the plaintiff to demonstrate that the case is subject to one of CAFA's exceptions.  <u>See</u> Dutcher v. Matteson, 840 F.3d 1183, 1190 (10th Cir. 2016).

Both parties rely exclusively on the complaint to support

their jurisdictional arguments.  Thus, the issue I must decide

is whether the complaint alleges claims that CAFA grants the

court jurisdiction to consider.  In resolving this issue, I

construe the complaint generously in favor of jurisdiction and

do not employ any presumption against removability.  See Dart,

135 S.Ct. at 554 (rejecting presumption against removability in

CAFA cases).


### III.  <u>ANALYSIS</u>

CAFA authorizes federal courts to exercise subject matter

jurisdiction over certain "class actions" that would not

otherwise meet the requirements of the diversity jurisdiction

statute.  Mississippi ex rel. Hood v. AU Optronics Corp., 134

S.Ct. 736, 739 (2014).  A CAFA class action is "any civil action

filed under [R]ule 23 of the Federal Rules of Civil Procedure or

similar State statute or rule of judicial procedure authorizing

an action to be brought by [one] or more representative persons

as a class action."[3] 28 U.S.C. § 1332(d)(1)(B).

The State does not base its complaint on Rule 23.

---

[3] CAFA also treats "mass action[s] as class actions," 28 U.S.C. §
1332(d)(11)(A).  This provision is not relevant here because
Purdue does not claim that this case is a mass action.

Accordingly, Purdue's jurisdictional argument turns on whether the complaint is premised on a "similar" state statute or rule of judicial procedure that authorizes the State to bring the case as a class action. I answer this question by first reviewing the requirements for a Rule 23 class action and then examining the complaint to determine whether it is sufficiently similar to a Rule 23 class action to be removable under CAFA.

**A.  <u>Rule 23</u>**

A Rule 23 class action is an action in which "[o]ne or more members of a class" are authorized to sue "as representative parties on behalf of all [class] members . . . ." Fed. R. Civ. P. 23. Although all Rule 23 class actions are representative actions, the converse proposition is not also true. Instead, to qualify as a class action under Rule 23, a representative action must have at least the following additional characteristics: (1) too many plaintiffs to join through a typical joinder motion ("numerosity"), (2) certain common factual or legal issues shared by each member of the class ("commonality"), (3) a named plaintiff whose claim is typical of the claims of the unnamed plaintiffs ("typicality"), and (4) a named plaintiff who is an adequate representative of the unnamed plaintiffs' interests ("adequacy"). Fed. R. Civ. P. 23(a); Amchem Products Inc. v.

Windsor, 521 U.S. 591, 613 (1997) ("Rule 23(a) states [the] four threshold requirements applicable to all class actions . . . .").

Rule 23 class actions also differ from other representative actions in that they are subject to greater supervision by the court.  A case cannot proceed as a class action under Rule 23 unless it is certified as such by the court.  Fed. R. Civ. P. 23(c)(1).  The court ordinarily must appoint class counsel. Fed. R. Civ. P. 23(g).  A class action also cannot be voluntarily dismissed, settled, or compromised without the court's approval.  Fed. R. Civ. P. 23(e).

## B. **The Complaint**

The State asserts that it has sued Purdue to vindicate its own proprietary and quasi-sovereign interests rather than the specific interests of individual consumers.  Thus, to the extent that the complaint seeks relief that will also benefit its municipalities and citizens, the State claims that it is pursuing a straightforward parens patriae action that bears no resemblance to a Rule 23 class action.  I agree.

A parens patriae action is unlike a Rule 23 class action in that a state may sue on behalf of its citizens without proof of numerosity, commonality, typicality, or adequacy.  It also

differs from a class action because the court has no power to prevent a state from proceeding with a parens patriae action by refusing to certify a class. Nor does the court have the power in such an action to appoint plaintiff's counsel or prevent the state from dismissing, settling, or compromising its claims. These important differences leave Purdue with an unpersuasive claim that the two types of actions are in any way similar.

More fundamentally, a parens patriae action is unlike a class action because a state's power to sue on behalf of others derives from its sovereign power to protect its citizens rather than its status as a member of a class of injured plaintiffs. As the Supreme Court has long recognized, "[t]his prerogative of parens patriae is inherent in the supreme power of every State, whether that power is lodged in a royal person or the legislature and is a most beneficent function often necessary to be exercised in the interests of humanity, and for the protection of those who cannot protect themselves." Alfred L. Snapp & Son, Inc. v. Puerto Rico, 458 U.S. 592, 600 (1982) (quoting Mormon Church v. United States, 136 U.S. 1, 57 (1890)). CAFA does not clearly signal an intention by congress to deprive states of their sovereign power to litigate their parens patriae claims in their own courts and I am unwilling to read such an

intent into statutory language that appears on its face to cover only traditional class action claims.  Accordingly, I agree with those courts that have concluded that a parens patriae action ordinarily is not removable under CAFA as a class action.  See, e.g., Purdue Pharma L.P v. Kentucky, 704 F.3d 208, 216 (2d Cir. 2013); Mississippi ex rel. Hood v. Av Optronica Corp., 701 F.3d 796, 798-99 (5th Cir. 2012), rev'd on other grounds, 134 S.Ct. 736, 739 (2014); LG Display Co. v. Madigan, 665 F.3d 768, 774 (7th Cir. 2011); Washington v. Chimei Innolux Corp., 659 F.3d 842, 848-49 (9th Cir. 2011); West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169, 172 (4th Cir. 2011).

Purdue acknowledges the precedent favoring the State's argument, but contends that this case is different because the State has exceeded the limits of a traditional parens patriae action by seeking restitution on behalf of specific individuals rather than attempting to promote only the general health and welfare of its citizens.[4]  Because the State seeks individualized

---

[4] Purdue also argues that this case is not a true parens patriae action because the State is attempting to recover damages on behalf of its municipalities and citizens in addition to equitable relief.  This argument is based on a misreading of the complaint.  Although the State seeks damages for its own injuries, it has limited its request for relief on behalf of others to traditional forms of equitable relief, such as injunctive relief, an order of abatement, and restitution.

relief on behalf of injured consumers, Purdue argues, the case
is more properly viewed as a class action than a parens patriae
action.  I am unpersuaded by this argument even if I accept
Purdue's characterization of the complaint.  A state's action on
behalf of its citizens does not become a class action merely
because it seeks injunctive relief that benefits individual
class members.  The Fourth Circuit forcefully made this point in
West Virginia ex rel McGraw, 646 F.3d 169 (4th Cir. 2011) by
drawing an analogy to the Supreme Court's decision in General
Telephone Co. v. EEOC, 446 U.S. 318 (1980), which concluded that
an EEOC action under Title VII did not have to comply with Rule
23 even though the EEOC was authorized to seek specific relief
on behalf of individual employees.  West Virginia ex rel McGraw,
646 F.3d at 177 (citing General Telephone Co., 446 U.S. at 334 &
n.16; see also In re Edmond, 934 F.2d 1304, 1310-13 (4th Cir.
1991) (Attorney General's claim in bankruptcy proceeding on
behalf of state's consumers need not comply with Rule 23 even
though action sought specific relief on behalf of individual
consumers).  Accordingly, this action is not similar to a Rule
23 action merely because it seeks restitution on behalf of its
citizens along with other forms of equitable relief.

Purdue also argues that the complaint is similar to a Rule

23 class action because the State has based its CPA claims on
N.H. Rev. Stat. Ann. § 358-A:10-a, which authorizes a person
injured by a CPA violation to bring a class action on behalf of
other injured parties.  This argument fails because it
attributes a claim to the State that it does not make.

In addition to authorizing injured persons to bring class
actions, the CPA specifically empowers New Hampshire's Attorney
General to bring parens patriae claims in the name of the State
to obtain injunctive relief and restitution on behalf of private
parties for CPA violations.  N.H. Rev. Stat. Ann. § 358-A:4.
The State has based its CPA claims on this provision rather than
the Act's class action provision.  Because the State is the
master of its complaint, see Purdue Pharma, 704 F.3d at 216 n.7,
that ends the matter.


## IV.  <u>CONCLUSION</u>

Purdue argues that the State's complaint should be treated
under CAFA just like any other representative action in which
one or more members of a class sue on behalf of others who have
suffered similar injuries.  This argument fails to sufficiently
account for both the State's sovereign power to sue on behalf of
its citizens and its governmental duty to protect the health and

welfare of its citizens.  Opioid addiction costs the lives of hundreds of the State's citizens each year.  It has flooded the State's prisons, demanded a vast commitment of law enforcement resources, and strained the capacity of the State's first responders.  Deaths from overdoses continue to occur at an alarming rate.  When the State sues to protect its citizens from such ongoing injuries, it is not acting merely as a member of a class of injured persons seeking to obtain compensation on behalf of others.  It is acting in a sovereign capacity to protect its citizens.  CAFA does not deprive states of the power to litigate such claims in their own courts.  For the aforementioned reasons, I grant the State's motion to remand the case to state court.

SO ORDERED.


                                    /s/Paul Barbadoro _____
                                    Paul Barbadoro
                                    United States District Judge

January 9, 2018

cc:   James T. Boffetti, Esq.
      Mark Cheffo, Esq.
      W. Daniel Deane, Esq.
      Mara Cusker Gonzalez, Esq.
      Linda Singer, Esq.
      David A. Vicinanzo, Esq.